IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY L. DAVIS,

              Plaintiff,

    v.                                CASE NO. 09-3181-RDR

SAM A. CROW,

              Defendant.

**O R D E R**

By an order and judgment entered on September 30, 2009, the court dismissed plaintiff's civil complaint titled as an "Application for Judgment for Costs" without prejudice pursuant to 28 U.S.C. § 1915(g) and plaintiff's failure to pay the $350.00 district court filing fee. On October 7, 2009, the court denied plaintiff's motion for reconsideration, which the court treated as a timely filed motion to alter and amend the judgment entered in this matter. Fed.R.Civ.P. 59(e).

Before the court is plaintiff's "Application for Intervention," in which plaintiff specifically questions and disparages the undersigned's alleged impartiality in not allowing plaintiff to proceed in this civil action.

Plaintiff's understanding of 28 U.S.C. § 1915(g) continues to be flawed. That statutory provision does not bar plaintiff from seeking relief in federal court. Instead, due to plaintiff's history of litigation in federal court, § 1915(g) requires plaintiff to pay the full district court filing fee to do so. Section 1915(g) is a federal law district court judges are bound to apply, and its

validity has been upheld despite numerous constitutional challenges. *See* Dubuc v. Johnson, 314 F.3d 1205,1209 (10th Cir. 2003)("There is no question that § 1915(g) is constitutional."). Plaintiff's post-judgment allegations and suggestions of bias and misconduct by district court judges in the District of Kansas deciding his cases are speculative and conclusory, and utterly without any basis to reasonably question the impartiality of the undersigned judge. Nor do they challenge the ground for the court's dismissal of the complaint. *See also* Andrews v. Cervantes, 493 F.3d 1047, 1054 (9th Cir. 2007)(Until the "fee barrier" is overcome, the merits of the cause of action itself are not available for consideration and decision.).

This case is closed, and the complaint has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Plaintiff's pro se motion, filed more than ten days after the entry of judgment is liberally construed by the court as seeking relief from that judgment, Fed.R.Civ.P. 60(b), and is denied because plaintiff satisfies none of the exceptional circumstances outlined in Rule 60(b) for granting the extraordinary relief authorized by that rule.[1]

---

[1]The rule provides in pertinent part that the court may relieve a party from a final judgment for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
Fed.R.Civ.P. 60(b).

IT IS THEREFORE ORDERED that plaintiff's "Application for Intervention" (Doc. 11), construed by the court as a motion for relief from judgment, Fed.R.Civ.P. 60(b), is denied.

DATED:  This 27th day of October 2009, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge